CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 31 2006

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

SHALONDA CORNETT DAVIS,           )
     Petitioner,                 )    **Civil Action No. 7:06-cv-00621**
                                 )
v.                                )    **MEMORANDUM OPINION**
                                 )
UNITED STATES OF AMERICA,          )    **By: Hon. James C. Turk**
     Respondent.                 )    **Senior United States District Judge**

Petitioner Shalonda Cornett Davis, a federal inmate proceeding pro se, brings this action as a motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. §2255. Davis challenges the validity of her conviction and sentence for distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1). The respondent filed a motion for summary judgment, and petitioner responded, making the matter ripe for the court's consideration. Upon review of the record, the court concludes that the motion to dismiss must be granted, as petitioner waived her right to bring this action.

I.

In October 2004, a grand jury in Big Stone Gap, Virginia, returned a three count indictment, charging Davis with distributing cocaine base on three occasions in February 2004 and stating that for these three offenses, she should be accountable for over 5 grams of cocaine base under the United States Sentencing Guidelines (USSG). The government had evidence that Davis had sold several rocks of cocaine base to a confidential informant in three separate buys. Davis plead guilty to Count One of the indictment on December 9, 2004, pursuant to a plea agreement, stipulating that her base offense level would be 26, based on 5.26 grams of cocaine base. In exchange for her plea, the government agreed to dismiss Counts Two and Three and recommend a reduction for acceptance of responsibility and a sentence at the low end of the guideline range. Ultimately, the court sentenced her to 51 months imprisonment. She did not appeal.

In her § 2255 motion, Davis vaguely alleges that her guilty plea and waiver of collateral attack rights were not valid because her attorney did not fully instruct her as to the elements of the

1

offense. She states that if she had understood the elements of the offense, she might not have pled guilty.

II.

Respondent argues that Davis waived her right to bring this motion under § 2255, based on a waiver provision included in her plea agreement. The United States Court of Appeals for the Fourth Circuit has held that plea agreement provisions waiving the right to appeal or collaterally attack a conviction are valid, so long as the defendant voluntarily and knowingly enters the waiver. United States v. LeMaster, 403 F.3d 216 (4th Cir. 2005). To determine whether the waiver is "knowing and intelligent," the court looks to "the particular facts and circumstances surrounding [its making], including the background, experience, and conduct of the accused." United States v. Davis, 954 F.2d 182, 186 (4th Cir. 1992). "[I]n the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should . . . dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." LeMaster, 403 F.3d at 221-22. If the court determines that petitioner's allegations, viewed against the record of the Rule 11 plea hearing, are so "palpably incredible, so patently frivolous or false as to warrant summary dismissal," the court may dismiss the § 2255 motion without a hearing. Id. (internal quotations and citations omitted).

The record in this case indicates that Davis waived her right to bring this action. Paragraph 11 of her plea agreement is entitled "WAIVER OF RIGHT TO COLLATERALLY ATTACK THE JUDGMENT AND SENTENCE IMPOSED BY THE COURT" and it states:

> I agree not to collaterally attack the judgment and/or sentence imposed in this case and waive my right to collaterally attack, pursuant to Title 28, United States Code, Section 2255, the judgment and any part of the sentence imposed upon me by the Court. I agree and understand that if I file any court document seeking to disturb, in any way, the judgment and/or sentence imposed in my case, the United States will be free to take whatever actions it wishes based on this failure to comply with my obligations under the plea agreement.

Davis initialed every page of the plea agreement and signed her name at the end, indicating that she had consulted with her attorney and fully understood "all [her] rights with respect to the offenses

2

charged." Section 1 of the agreement indicates that her attorney informed her of the nature of the charge and "the elements of the charge" that the United States would be required to prove beyond a reasonable doubt before she could be found guilty of that charge.

During the plea hearing, the court questioned Davis carefully about her understanding of the charges, the plea and its consequences, and the provisions of the plea agreement. Davis specifically affirmed that she had reviewed the plea agreement with her attorney and understood its provisions. Tr. 12-9-04 at 3. She also affirmed that she understood she was waiving her right to appeal or to collaterally attack the judgment or the sentence. Id. at 6. She denied having any dissatisfaction with counsel's representation. Id at 7. During the hearing, the court advised her of the maximum sentence of twenty years that she faced and detailed all the rights she was waiving by pleading guilty. Id. at 11-13.

Davis's current allegations that she did not understand the elements of the charges against her are in direct contradiction of her statements to the court under oath at the plea hearing. Davis does not offer any reason that her testimony to the court cannot be taken as truthful, and accordingly, her current allegations are not credible. The court finds that Davis entered a valid guilty plea and a valid plea agreement waiver of her right to bring this action. As her current claims fall within the scope of that waiver, the motion to dismiss must be granted. An appropriate order shall be issued this day.

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to petitioner and to counsel of record for the respondent.

ENTER: This 2̲/s̲t̲ day of May, 2006.

_James C. Turk_
Senior United States District Judge

3